## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONALD F HUG, II,

    Petitioner,

                v.

STATE OF GEORGIA,

    Respondent.

Civil Action No.
1:22-cv-03091-SDG

### OPINION AND ORDER

This matter is before the Court on Petitioner Donald F. Hug, II's motion for reconsideration [ECF 13]. After a careful review of the record, the Court concludes that Hug has not shown that he is entitled to relief, and the motion is therefore **DENIED**.

### I.    Background

Hug, an inmate at the Columbus Transitional Center in Columbus, Georgia, filed the instant petition challenging his sentences which were imposed upon his convictions in Cobb County Superior Court for two counts of aggravated assault and one count of burglary. *Hug v. Georgia*, 205 Ga. App. 746 (1992). Hug previously sought federal habeas corpus relief on the convictions in 1999, which this Court denied. *Hug v. Tompkins*, Case No. 4:99-cv-00205-HLM, ECF 3 (N.D. Ga. Aug. 17, 1999), *aff'd*, 252 F.3d 1360 (11th Cir. 2001). In August 2022, Hug sought relief from this Court once again by filing a "motion to vacate a void sentence," which was

docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

United States Magistrate Judge Walker issued a Final Report and Recommendation (R&R) concluding that Hug had already sought habeas corpus relief under 28 U.S.C. § 2254 related to his Cobb County convictions, and pursuant to 28 U.S.C. § 2244(b)(3)(A) he cannot file a successive petition unless he first obtains authorization to do so from the Eleventh Circuit Court of Appeals.[2] As Hug had not obtained the required authorization, Judge Walker further concluded that this Court lacks jurisdiction to consider Hug's petition.[3] Hug filed objections to the R&R.[4] By order dated February 13, 2024, undersigned overruled Hug's objections, adopted the R&R as the Order of this Court, and dismissed Hug's petition without prejudice.[5] Hug then moved for reconsideration of the February 13 Order.[6]

In his motion for reconsideration, Hug contends that he did not file a habeas corpus petition, but rather a "motion to vacate a void sentence."[7] Hug asserts that,

[1]  ECF 1.

[2]  ECF 7.

[3]  *Id.*

[4]  ECF 9.

[5]  ECF 11.

[6]  ECF 13.

[7]  *Id.* at 1.

under Georgia law, "any court" can consider a motion to vacate a void sentence, and he has not raised his current arguments regarding his purportedly defective indictment in a prior filing.[8]

## II.    Applicable Legal Standard

The Court's Local Rules caution that motions for reconsideration should be filed only when a party believes it is absolutely necessary. LR 7.2(E), NDGa. Absolute necessity exists when there is: "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003); *see also Chesnut v. Ethan Allen Retail, Inc.*, 17 F. Supp. 3d 1367, 1370 (N.D. Ga. 2014) ("Courts may grant relief under Rule 59(e) or Local Rule 7.2E only if the moving party clears a high hurdle."); *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (holding that the movant did not meet the "onerous standard" for reconsideration).

A motion for reconsideration is not to be treated "as an opportunity to show the court how it 'could have done it better.'" *Bryan*, 246 F. Supp. 2d at 1259 (quoting *Preserve Endangered Areas of Cobb's History, Inc.*, 916 F. Supp. at 1560). It may not be used to "offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given

---

[8]    *Id.*

for failing to raise the issue at an earlier stage in the litigation." *Id.* (citing *Adler v. Wallace Computer Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001)); *see also Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (holding that a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment"). The ultimate decision on reconsideration is "committed to the sound discretion of the district court." *Reid v. BMW of N. Am.*, 464 F. Supp. 2d 1267, 1270 (N.D. Ga. 2006).

## III. Discussion

Hug's primary contention on reconsideration is that the Court erred in construing his pleading as a habeas corpus petition. However, that is the only legal avenue under which this Court could have jurisdiction to consider his claims. Federal courts have limited jurisdiction and may hear a case only if authorized to do so by a congressional grant of jurisdiction. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 701–02 (1982). Accordingly, regardless of how Hug characterizes his filing, if he "raises any challenge to the 'lawfulness of confinement or [the] particulars affecting its duration,' his claim falls solely within 'the province of habeas corpus' under § 2254." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (quoting *Hill v. McDonough*, 547 U.S. 573, 579 (2006)). Because Hug's motion/petition "challenge[s] the lawfulness of [his] conviction or sentence, then the court must treat [Hug's] claim as raised under § 2254, and it must apply

the AEDPA's attendant procedural and exhaustion requirements to the claim." *Id.* (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)).

Hug cites *Phillip v. Georgia*, 313 Ga. App. 302 (2011), for the proposition that "[a] void sentence may be so held in any court where it becomes material to the interest of the parties to consider it, regardless of a lack of objection in the trial court." *Id.* at 302. While this may be true in Georgia state courts, a holding of the Georgia Court of Appeals cannot by itself expand this Court's subject matter jurisdiction beyond the confines of the federal habeas statute.

Hug's claim for relief under § 2254 must therefore comply with that statute's procedural requirements, including the prohibition on filing successive petitions without prior approval by the appropriate *federal* Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Because Hug previously sought habeas relief under 28 U.S.C. § 2254 and has not obtained approval from the Eleventh Circuit to file a successive petition, this matter was properly dismissed. Hug has not identified any newly discovered evidence, changes in controlling law, or clear error in the Court's February 13, 2024 Order. Therefore, he is not entitled to reconsideration of that Order.

**IV.    Conclusion**

Hug's motion for reconsideration [ECF 13] is **DENIED**.

**SO ORDERED** this 24th day of March, 2025.

Steven D. Grimberg
United States District Judge